IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) |
| vs. | ) No. 05-2314MaV |
| ANDERSON IVIE, | ) |
| Respondent. | ) |

ORDER COMPELLING RESPONDENT IVIE TO COMPLY WITH IRS
ADMINISTRATIVE SUMMONS AND AWARDING FEES AND EXPENSES AND
CERTIFICATION OF FACTS CONSTITUTING CONTEMPT PURSUANT TO 28
U.S.C. § 636(e)

This matter came to be heard on Thursday, June 9, 2005, on the petition of the United States and on an order of this court directing the respondent, Anderson Ivie, to appear and show cause why he should not be compelled to obey the Internal Revenue Service administrative summons issued to and served upon him on January 27, 2005. In its petition, the United States also seeks its costs and expenses in bringing this petition. For the reasons set forth below, Ivie is ordered to comply with the IRS administrative summons and it is recommended that a show cause order be issued to respondent Ivie to appear before the district court and show cause why he should not be held in contempt of court.[1]

---

[1] Because the relief sought by defendant exceeds the magistrate judge's contempt authority, a report and

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  6-14-05

(9)

## CERTIFIED FACTS

The following facts are certified to the district court. The IRS is conducting an investigation of the federal income tax liability of Ivie for the years 2001 though 2003. As part of its investigation, the IRS issued and served an administrative summons on Ivie pursuant to 28 U.S.C. § 7602 which directed him to appear before an IRS officer and give testimony on March 2, 2005, and to produce for examination certain books, papers, records and other data described in the summons in order to determine the correct amount of Ivie's income and expenses for the years 2001 through 2003. Ivie failed to appear and has failed to produce the items sought in the summons. On April 29, 2005, the IRS filed a petition to enforce its administrative summons. The petition was supported by the sworn declaration of Nancy J. Wells, an IRS revenue officer, declaring under oath the facts certified herein. Pursuant to the petition, the court issued a show cause order which ordered Ivie to appear on June 9, 2005, at 10:00 a.m., and show cause why he should not be compelled to obey the Internal Revenue summons issued to and served upon him on January 27, 2005. The order further directed Ivy to comply with the summons or serve a written response prior to the hearing. Ivie failed to serve a written response, failed to appear

---

recommendation and a certification of contempt under 28 U.S.C. §636(e)(6)(B)(iii) is issued instead of a determination.

2

before the IRS and give testimony, and failed to appear at the hearing, failed to notify the court that he would not be present, and failed to seek a continuance or otherwise object. The IRS appeared and asked that Ivie be ordered to comply with the summons and be held in contempt of court for failing to appear.

## ANALYSIS

To demonstrate a *prima facie* case for enforcement of an administrative subpoena, the United States must show: (1) that the summons was issued for a proper purpose; (2) the information sought may be relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) that the administrative steps required by law with respect to the issuance and service of the summons have been followed. *United States v. Powell*, 379 U. S. 48, 57-58 (1964); *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982); *United States v. Michigan Bell Telephone Co.*, 415 F.2d 1284, 1286 (6th Cir. 1969). After review of Officer Wells' declaration, the court finds that all the requisite elements for a *prima facie* case for enforcement of the summons have been satisfied. Once this showing is made, the burden shifts to the taxpayer to demonstrate that enforcement of the summons would be an abuse of the court's process. *U.S. v. Will*, 671 F.2d at 966. Ivie has presented no objection to the enforcement of the summons. Accordingly, Ivie is ordered to appear and give

testimony before an IRS officer and produce for inspection the books, papers, and other data described in the January 27, 2005 IRS summons within 14 days of the date of entry of this order.

Section 636(e)(6) of the United States Magistrate Judges Act provides that when a person commits an act in a proceeding before a magistrate judge under 28 U.S.C. § 636(a) or (b), which may constitute civil contempt, the magistrate judge shall:

> certify the facts to a judge of the district court and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. 636(e)(6)(B)(iii). Contempts committed in "a proceeding before a magistrate judge" include not only contempts committed in the magistrate judge's presence, but also contempts related to proceedings before the magistrate judge. *Taberer v. Armstrong World Industries, Inc.*, 954 F.2d 888, 901 n.17 & 902 n.19 (3rd Cir. 1992). In a proceeding before a magistrate judge, the following acts, among others, constitute contempt: (1) disobedience to any lawful order; and (2) failure to produce documents after being ordered to do so. 28 U.S.C. 636(e).

Here, Ivie's conduct in failing to appear before the IRS to give testimony and to produce the requested tax returns or to file

4

a written response and to appear before the court after being ordered to do so by the magistrate judge constitutes disobedience to a lawful order and thus contempt before the magistrate judge.[2] Accordingly, it is submitted that the district court should issue a show cause order to petitioner Ivie to appear at a date certain before the district court to show cause during a hearing why he should not be held in contempt of court.

## CONCLUSION

Ivie is ordered to appear and give testimony before an IRS officer and produce for inspection the books, papers, and other data described in the IRS January 27, 2005 summons within 14 days of the date of entry of this order. In addition, it is recommended that the district court should issue a show cause order to petitioner Ivie to appear at a date certain before the district court to show cause during a hearing why he should not be held in contempt of court. Finally, the United States is granted its attorney fees and expenses in bringing this petition. The United States is directed to file an affidavit of fees and expenses within

---

[2] Whether civil contempt or criminal contempt is implicated depends on the purpose of the charge. "If the purpose is coercive or remedial (to secure compliance with the court's order) or compensatory (to make the injured party whole), then 'civil contempt' is implicated. If the purpose is punitive (to vindicate the court's authority), then 'criminal contempt' is implicated." *Nabkey v. Hoffius*, 827 F. Supp. 450, 452 (S.D. Mich. 1993).

thirty days of the date of service of this order.

IT IS SO ORDERED this 13th day of June, 2005.

*Diane K. Vescovo*
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 2:05-CV-02314 was distributed by fax, mail, or direct printing on June 14, 2005 to the parties listed.

---

Lindsey W. Cooper
U.S. DEPARTMENT OF JUSTICE
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

Honorable Samuel Mays
US DISTRICT COURT